**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

OSMAN OZSUSAMLAR,

                    **Petitioner,**

   - against -

**UNITED STATES OF AMERICA**

                    **Respondent.**

--------------------------------------------------------X

**MEMORANDUM**
**OPINION AND ORDER**

**10 Civ. 3455 (SAS)**

**05 CR 1077 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.     INTRODUCTION

On April 26, 2010, Osman Ozsusamlar ("petitioner" or "Ozsusamlar") filed a pro se motion to vacate, set aside or correct his sentence pursuant to section 2255 of Title 28 of the United States Code ("section 2255"). Ozsusamlar challenged his judgment of conviction on the following grounds: (1) lack of subject matter jurisdiction; (2) improper venue; (3) ineffective assistance of trial counsel; and (4) ineffective assistance of appellate counsel.[1] On September 28, 2012, this Court issued an Opinion and Order (the "September 28, 2012 Order")

---

[1]     *See* Petition for a Writ of Habeas Corpus ("Petition") at 5-6.

-1-

dismissing the Petition.[2]  Ozsusamlar now seeks reconsideration pursuant to Local

Civil Rule 59(e) of the September 28, 2012 Order.  In addition to his Motion for

Reconsideration, Ozsusamlar filed two additional motions.  The first is a "motion

to compel, res[ci]nding of separation instructions" which prevents Ozsusamlar

from communicating with his father, Mustafa, who is also incarcerated.[3]  The

second is a motion filed by special appearance by Mustafa Ozsusamlar, requesting

the same relief.  For the reasons stated below, these three motions are denied.

## III.  APPLICABLE LAW

The standards for relief under Local Civil Rule 6.3 and Rule 59(e) are

"identical."[4]  "A motion for reconsideration is appropriate where 'the moving party

can point to controlling decisions or data that the court overlooked — matters, in

other words, that might reasonably be expected to alter the conclusion reached by

the court.'"[5]  Further, "[t]ypical grounds for reconsideration include 'an

---

[2]      *See Ozsusamlar v. United States*, Nos. 10 Civ. 3455, 05 CR 1077, 2012 WL 4473286 (S.D.N.Y. Sept. 28, 2012).

[3]      Mustafa was Osman's co-conspirator in their murder for hire scheme and is currently in prison on the same offenses.

[4]      *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999).

[5]      *Medisim Ltd. v. BestMed LLC*, No. 10 Civ 2463, 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)).

intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"[6]

Because "the purpose of Local Rule 6.3 is to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters,'"[7] the Rule must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[8]  A motion for reconsideration is not an "opportunity for making new arguments that could have been previously advanced,"[9] nor is it a substitute for appeal.[10]

## IV.   DISCUSSION

### A.   Motion for Reconsideration

---

[6]   *Gucci America, Inc. v. Guess?, Inc.*, No. 09 Civ. 4373, 2011 WL 6326032, at *1 (S.D.N.Y. Dec. 16, 2011) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

[7]   *Medisim*, 2012 WL 1450420, at *1 (quoting *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008)).

[8]   *United States v. Treacy*, No. 08 CR 366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (quotation marks omitted).

[9]   *Associated Press v. United States Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

[10]   *See Grand Crossing*, 2008 WL 4525400, at *3.

Ozsusamlar contends that this Court erred in denying his section 2255 Petition. However, the arguments advanced in Ozsusamlar's motion for reconsideration do not meet the Rule 59(e) standard. Ozsusamlar fails to (1) bring to the Court's attention any new evidence not previously available when this Court decided his § 2255 petition, (2) point to any clear error of law by this Court, or (3) expose any "manifest injustice" arising from this Court's denial of his section 2255 Petition. Instead, Ozsusamlar merely rehashes the arguments contained in his previous section 2255 Petition - *i.e.*, ineffective assistance of trial and appellate counsel, a lack of subject matter jurisdiction and improper venue. This Court has considered and rejected these same arguments once before and Ozsusamlar's reconsideration motion does not contain any new argument or basis for vacating, setting aside or correcting the sentence imposed by this Court. Further, petitioner does not point to any intervening change in the law or newly available evidence. Nor does Osman cite any legal authority or factual matters that the Court overlooked in its September 28, 2012 Order.

Additionally, Ozsusamlar complains that although this Court received his second successive petition on December 21, 2010, the Court never responded to or investigated the claims therein. Although petitioner may not like the way the

-4-

Court ruled, his December 21, 2010 Petition was explicitly addressed in the

September 28, 2012 Order.

> Finally, on December 21, 2010, this Court received a second successive habeas petition from petitioner. [Ozsusamlar] argues that there is newly discovered evidence. "[W]hen a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion." Upon review of the amended materials, there is nothing to suggest that there is any newly discovered evidence. [Ozsusamlar] already addressed these points in his direct appeal. Because that claim was fully litigated and summarily rejected by the Second Circuit, he cannot now re-litigate the claim in this habeas proceeding. [Ozsusamlar]'s claim based on newly discovered evidence is therefore dismissed.[11]

Thus, petitioner's Motion for Reconsideration consists of nothing more than

reargument. As such, the motion does not meet the strict standards for granting a

motion to reconsider under Rule 59(e).[12] Petitioner's Motion for Reconsideration

is therefore denied

**B.    Additional Motions Filed by Petitioner**

---

[11]    *Ozsusamlar*, 2012 WL 4473286, at *8.

[12]    "Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Cordero v. Astrue*, 574 F. Supp. 2d 373, 380 (S.D.N.Y. 2008).

Both Ozsusamlar and his father Mustafa request that this Court lift a Separation Order issued by the Bureau of Prisons which separates them from communicating with one another. To the extent that Ozsusamlar and Mustafa challenge the conditions of their confinement, such a motion should be brought pursuant to 18 U.S.C. § 2241 ("section 2241"), not section 2255.[13] "A challenge to the execution of a sentence - in contrast to the imposition of a sentence - is properly filed pursuant to § 2241."[14] Regardless, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."[15] Because Osman and presumably the Warden are located in California and Mustafa is located in New Jersey, this Court would not be the proper venue for any section 2241 claim.[16]

---

[13]   *See Williams v. United States,* Nos. 00 CR. 1008, 09 Civ. 2179, 09 Civ. 3493, 09 Civ. 2535, 2011 WL 3296101, at *20 (S.D.N.Y. July 28, 2011).

[14]   *Levine v. Apker,* 455 F.3d 71 (2d Cir. 2006). *Accord Williams,* 2011 WL 3296101, at *20.

[15]   *Rumsfeld v. Padilla,* 542 U.S. 426, 447 (2004). *Accord Williams,* 2011 WL 3296101, at *20.

[16]   *See Williams,* 2011 WL 3296101, at *20, n.27. "In addition, we note that prisoners must, absent a showing of 'cause and prejudice,' exhaust their administrative remedies prior to filing a petition under § 2241. *See Carmona v. United States Bureau of Prisons,* 243 F.3d 629, 634 (2d Cir. 2001). The exhaustion requirement may be waived if '(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate

## V.   CONCLUSION

For the foregoing reasons, Ozsusamlar's Motion for Reconsideration is denied. The Clerk of the Court is directed to close this motion and his two motions for ancillary relief [Docket Nos. 35, 36, 38 in 10 Civ. 3455]. Finally, because petitioner has failed to make a substantial showing of the denial of a constitutional right, this Court declines to issue a Certificate of Appealability.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            February 1, 2013

_____

judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question.' *Beharry v. Aschroft*, 329 F.3d 51, 62 (2d Cir. 2003) (internal citation omitted)." Here, neither Mustafa nor Ozsusamlar has made such a showing.

-7-

**-Appearances-**

**Petitioner (Pro Se):**

Osman Ozsusamlar
# 53271-054
U.S. Penitentiary
P.O. Box 019001
Atwater, CA 95301


**For Respondent:**

Serrin Turner
Assistant United States Attorney
U.S. Attorney's Office, SDNY
One St. Andrew's Plaza
New York, NY 10007
(212) 637-1946